George Leroy BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–86–577–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 15, 1987.

George McCall Secrest, Jr., Houston, for appellant.

John B. Holmes, Jr., Roe Morris, Douglas Davis, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

Appellant entered a not guilty plea to the offense of murder. The jury found him guilty of voluntary manslaughter, and the trial court found he had been previously convicted of a felony and assessed punishment at confinement for five years. Issues on appeal concern the sufficiency of the evidence and the validity of the finding that a deadly weapon was used. We affirm.

In his second point of error appellant contends the evidence is "insufficient as a matter of law" to support the conviction. He argues that "[t]here simply is no evidence in the record that establishes that the appellant 'caused the death under the immediate influence of sudden passion arising from an adequate cause.' "

There is no dispute between appellant and the state over the evidence. Briefly, it shows: Herbert Harris, a bartender at Nick's Lounge, testified that he knew both the deceased and the appellant. On February 4, 1986, at approximately 3:00 p.m., someone told Harris that the deceased had been stabbed outside the lounge. Harris looked outside and saw the deceased on the ground struggling with the appellant who had a knife. The appellant was on top of the deceased who was kicking at the appellant. The deceased, who had blood on his shirt, managed to get away from the appellant and run behind a building. The appellant, still holding the knife, chased the deceased. Harris never saw the deceased holding anything in his hands. Rosie McCaa testified that she was walking home with her granddaughter the afternoon of February 4, 1986. McCaa saw a bleeding man run to nearby Sampson Street and then fall on his back. The appellant, carrying a knife, was running behind the deceased attempting to stab him. Betty Jean

Cox testified that she saw the appellant and deceased standing across the street in front of Nick's Lounge on February 4, 1986, at approximately 3:00 p.m. Cox saw the appellant "hit" the deceased in the chest; the bleeding deceased ran to a fire hydrant and fell. The appellant, with a knife in his hand, ran to the deceased and screamed, "I'll kill that m____ f____." Cox also saw the knife in the appellant's hand when the appellant was "either applying the blow or bringing it from the chest." Prior to the stabbing, Cox did not see the deceased strike the appellant.

A portion of appellant's written statement was introduced by the state in which appellant stated that after the deceased hit him, he took his knife out of his pocket and the deceased "ran into" the knife. At trial appellant testified he had no intention of hurting or killing the deceased and that he was acting in self-defense. The state argues, and we agree, that the recited evidence would have been sufficient to sustain a conviction for murder, had the jury so determined. Appellant, however, points out that the jury did not find him guilty of murder, and that the "testimony does not establish the 'sudden passion' or 'adequate cause' prong of the offense of voluntary manslaughter."

■ As has been pointed out by the court of criminal appeals, the offense of voluntary manslaughter is not always a lesser included offense of murder. *Bradley v. State*, 688 S.W.2d 847, 851 (Tex.Crim. App.1985). This, of course, places a heavy burden upon the trial court to determine whether there is *any* evidence raising the issue of voluntary manslaughter. If the evidence does not raise the issue and the court, over the objection of the accused, charges the jury on voluntary manslaughter as a lesser included offense of murder and the jury finds the accused guilty of that offense, the accused is entitled, as a matter of law, to an acquittal. *Bradley*, 688 S.W.2d at 853.

■ While it appears the evidence in this case does not raise the issue of voluntary manslaughter, we need not so decide. In this case appellant did not object to the charge on voluntary manslaughter. The court of criminal appeals stated in *Bradley*, 688 S.W.2d at 853, that under these circumstances:

> Failure to object to the charge when given on the ground that the evidence does not support it would signal acquiescence on the part of the accused in the trial court's judgment that sudden passion was raised.

> By invoking the benefit of the lesser included offense charge at trial in not objecting to its submission to the jury, an accused will be estopped from then complaining on appeal that the evidence failed to establish all the elements of the offense.

Appellant's second point of error is overruled.

■ In his first point of error appellant contends that the finding that a deadly weapon was used in the commission of the offense must be deleted from the judgment because it was submitted to and answered affirmatively by the jury in the *guilt* phase of the trial rather than having been made by the court at the *punishment* phase.

The statute is silent concerning how the affirmative finding that a deadly weapon was used in the commission of the offense is to be made. *See* Tex.Crim.Proc.Code Ann. art. 42.12, § 3g(a)(2) (Vernon Supp. 1986). The court of criminal appeals has determined that it must be made by "the trier of fact," *Polk v. State*, 693 S.W.2d 391, 394 (Tex.Crim.App.1985), and suggested such finding "may" be made in response to a special issue submitted at the punishment stage of trial. In a footnote, that court noted that the statute did not mandate that the issue be submitted at the punishment phase of the trial. *Id.* at 394 n. 3.

Appellant did not object to the charge because the issue was submitted at the guilt phase, nor does the record reflect why the trial court so submitted the issue. The record does show however, that appellant filed his election, prior to trial, that the court assess punishment in the event the jury found him guilty. While a uniform

practice of when the issue is to be submitted is preferable, we fail to find any harm in submitting the issue at the guilt phase of the trial. This is especially true where, as here, no objection was made. *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex.Crim.App.1986). Appellant's first point of error is overruled.

The judgment is affirmed.