James LEE, Appellant,

v.

STATE of Texas, State.

No. 2–89–112–CR.

Court of Appeals of Texas, Fort Worth.

July 18, 1990.

Rehearing Denied Aug. 8, 1990.

Discretionary Review Granted Oct. 10, 1990.

Zachry, Hill, Beatty & Butcher, Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, and Mary C. Merchant Assts., Fort Worth, for State.

Before HILL, LATTIMORE and MEYERS, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, James Lee, was indicted for the offense of voluntary manslaughter and murder. *See* TEX. PENAL CODE ANN. §§ 19.02 & 19.04 (Vernon 1989). Trial was to a jury. The jury returned a verdict of guilty of the lesser-included offense of voluntary manslaughter, and assessed punishment at ten years imprisonment in the Texas Department of Corrections.[1]

We reverse and remand.

Appellant brings two points of error. First, appellant contends the trial court erred by denying his timely objection to the hearsay statements used to establish the identity of appellant, and second, there is no evidence to support the jury's finding of guilt.

Turning to appellant's first point of error, the record reflects the complained-of identification. Officer Galusha, one of the officers who arrived upon the scene, testified with regard to statements made to him by the victim's wife. Officer Galusha's identification of appellant appears in pertinent part:

> [MR. ALPERT:] So, besides Roosevelt Jefferson and Delores Lee, the witness that you first mentioned, was anybody else there? And, of course, did you determine what the identification of the person lying on the porch was?
>
> [OFFICER GALUSHA:] Yes, she identified him as David Lee to me at that time.
>
> [MR. ALPERT:] Did Delores tell you how—who had shot David Lee?
>
> [OFFICER GALUSHA:] Yes, sir, she did.

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

[MR. ALPERT:] Who shot David Lee, according to Delores?

MR. McCRAREY: Objection, Your Honor, that's hearsay.

MR. ALPERT: Your Honor, I believe it's an excited utterance, an exception to the hearsay rule.

THE COURT: You said you arrived within about 10 minutes of the—what you understood to be the event?

THE WITNESS: Yes, sir.

THE COURT: I'll overrule it.

BY MR. ALPERT:

Q. Could you tell the Jury who Delores Lee said had shot David Lee.

A. She said her father-in-law, David Lee's father, had done the shooting, which I believe his name was James.

Appellant contends it was error to admit this statement. We do not necessarily disagree with appellant's statement of the law with regard to hearsay and we acknowledge that hearsay statements are generally inadmissible. *See* TEX.R.CRIM.EVID. 802. We are more persuaded by the State's argument. The State contends that this statement, while hearsay, is admissible under one of the exceptions to the hearsay rule. The State argues that the statement, made by the victim's wife very shortly after he was shot to death, constitutes an excited utterance. *See* TEX.R.CRIM. EVID. 803(2).

■ There are three criteria necessary to establish a statement as an excited utterance: (1) the statement must be the product of a startling occurrence which must produce a state of nervous excitement that would render the utterance spontaneous and unreflected; (2) the utterance must be made before there is time to contrive or misrepresent the facts, when the state of excitement caused by the startling occurrence still dominates the situation; and (3) the utterance must relate to the circumstances of the startling occurrence. *See Sellers v. State*, 588 S.W.2d 915, 918 (Tex. Crim.App.1979). The focus of our inquiry is to determine the reliability of the statement in light of the cumulative effect of the three requisites. *Id.*

■ Although there is conflicting evidence with regard to the circumstances surrounding the victim's death, it is uncontroverted that he was shot to death and that his wife came upon the scene within minutes of that time. The declarant testified at trial that after shooting her husband, appellant chased and caught her, placed his gun to her head, and threatened to kill her. Appellant tells a different story, but at least, admits that the declarant came upon the body very shortly after the victim had been shot.

We think that discovering the murdered body of one's spouse—particularly only moments after the shooting had occurred, would be the type of situation from which an excited utterance could flow. We find that the statement of which appellant complains falls within the excited utterance exception to the hearsay rule. As such, it was not error for the trial court to admit it.

■ Even if the statement itself were inadmissible as hearsay, we find that appellant has failed to demonstrate he was harmed by the statement. Subsequent to the police officer's testimony at trial, testimony was given by both the declarant and appellant. The declarant personally identified appellant as the person who shot the victim. Additionally, appellant himself admitted at trial that it was he who fired the shots that killed his son. Appellant's first point of error is overruled.

Turning to appellant's second point of error, he contends that there is no evidence which would tend to support a finding of sudden passion as required for the jury to convict him of the offense of voluntary manslaughter.

The offense of voluntary manslaughter is set out pursuant to statute which provides:

(a) A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.

(b) "Sudden passion" means passion directly caused by and arising out of

provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation.

(c) "Adequate cause" means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.

(d) An offense under this section is a felony of the second degree.

TEX.PENAL CODE ANN. § 19.04. The record reflects that appellant had been drinking on the night of the shooting. There is evidence that appellant and the victim had argued just prior to the shooting. However, the record is devoid of any evidence which would tend to indicate to what level this argument rose. The State put forward no line of questioning which would tend to reveal that appellant acted under a degree of anger, rage, resentment, or terror which would render a person of ordinary temper incapable of cool reflection. In the State's closing argument the prosecutor observed "I will submit to you that you've heard no evidence about any provocation that created any kind of incident between those two men." Unfortunately, we are inclined to agree with the prosecutor. There is no evidence of sudden passion.

■ The State counters with the fact that it was appellant who requested the lesser-included offense of voluntary manslaughter be submitted to the jury. The State urges that appellant may not "lay behind the log" and acquiesce in the giving of an instruction on voluntary manslaughter as a lesser-included offense of murder and later claim the evidence fails to establish all the elements of voluntary man-

slaughter. *Bradley v. State*, 688 S.W.2d 847, 853 (Tex.Crim.App.1985); *Kissee v. State*, 733 S.W.2d 361, 363 (Tex.App.—San Antonio 1987, no pet.); *Brown v. State*, 740 S.W.2d 45, 46 (Tex.App.—Houston [14th Dist.] 1987, no pet.).

We note that the Court of Criminal Appeals has not ruled directly on this point as the State's argument indicates. Although, admittedly, the Court of Criminal Appeals has, in dicta, indicated a proclivity to so rule we cannot believe, even in the face of the State's authority, that the Court of Criminal Appeals ever intended for an accused to be convicted of voluntary manslaughter by estoppel. *See Bradley*, 688 S.W.2d at 853. In a criminal trial the burden of proof is upon the State. The defendant is not required to do anything, much less testify. *See* U.S. CONST. amend. V.

■ We find that a defendant necessarily cannot ever be estopped from raising on appeal that the State has failed to meet their burden at the trial court level. We find that there was no evidence which would tend to support a finding of sudden passion by the jury.

Because the conviction must be reversed for insufficiency of the evidence to support the finding of guilty, the cause is remanded to the trial court with an order to enter a judgment of acquittal. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).