Howard Lee **GRANT, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 09–96–030 CR.

Court of Appeals of Texas,
Beaumont.

Submitted July 21, 1997.

Decided Aug. 13, 1997.

Published in Part Pursuant to
Tex. R. App. P. 90.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Wayln G. Thompson, Assistant Criminal District Attorney, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Howard Lee Grant was indicted for the murder of Larry Matthews. The indictment alleged Grant had three prior convictions. A jury convicted Grant of voluntary manslaughter, found the enhancement allegations true and assessed punishment at confinement in the Texas Department of Criminal Justice–Institutional Division for life. Grant urges five points of error.

The first point of error alleges the evidence is insufficient; specifically that, there is no evidence Grant was acting under the immediate influence of sudden passion arising from an adequate cause. The State argues Grant is estopped from raising this issue since he did not object to the inclusion of voluntary manslaughter in the charge. While the Court of Criminal Appeals has not ruled whether acquiescence (the defendant neither requested nor objected to the inclusion of the lesser-included offense) to the submission of a voluntary manslaughter charge estops a defendant from complaining on appeal there is no evidence of "sudden passion," several courts of appeal have considered the issue. In *Scott v. State,* 867 S.W.2d 148 (Tex.App.—Austin 1993, no pet.), a murder/voluntary manslaughter case, the court stated "[t]he Court of Criminal Appeals has made clear that by invoking the benefit of the lesser included offense by not objecting to its submission to the jury, appellant is estopped from complaining on appeal that the evidence failed to establish all the elements of the lesser offense." *Id.* at 154 (citing *State v. Lee,* 818 S.W.2d 778, 781 (Tex.Crim.App.1991); *Bradley v. State,* 688 S.W.2d 847, 853 (Tex.Crim.App.1985); *Richardson v. State,* 832 S.W.2d 168, 171 (Tex. App.—Waco 1992, pet. ref'd)).

In *Tamez v. State,* 865 S.W.2d 518 (Tex. App.—Corpus Christi 1993, pet. ref'd), the court stated:

> Appellant also argues that there is no evidence that he was acting under the immediate influence of sudden passion arising from an adequate cause. We do not reach the merits of this complaint. Appellant did not object to having the jury instructed on the lesser included offense of attempted voluntary manslaughter. As appellant did not object and received the benefit of having the jury charged on this issue, he cannot complain that the evidence fails to establish "sudden passion arising from an adequate cause."

*Id.* at 519–20.

Earlier in *Brown v. State,* 740 S.W.2d 45 (Tex.App.—Houston [14th Dist.] 1987, no pet.), also a murder/voluntary manslaughter case, the court stated:

> While it appears the evidence in this case does not raise the issue of voluntary manslaughter, we need not so decide. In this case appellant did not object to the charge on voluntary manslaughter. The court of criminal appeals stated in *Bradley,* 688 S.W.2d at 853, that under these circumstances:
>
> > Failure to object to the charge when given on the ground that the evidence does not support it would signal acquiescence on the part of the accused in the trial court's judgment that sudden passion was raised.
> >
> > By invoking the benefit of the lesser included offense charge at trial in not objecting to its submission to the jury, an accused will be estopped from then complaining on appeal that the evidence failed to establish all the elements of the offense.

*Id.* at 46.

In *Vann v. State,* 853 S.W.2d 243 (Tex. App.—Corpus Christi 1993, pet. ref'd), the court considered the estoppel argument and discussed the issue, particularly *Lee* and *Bradley.* The court stated:

> As shown above, the Court of Criminal Appeals continually states a concern that courts should not construe the law to allow murder defendants to raise the sudden passion issue to gain a voluntary manslaughter conviction, thereby avoiding a murder conviction, and subsequently to gain an acquittal on appeal by arguing insufficient evidence of sudden passion. We note that this concern only attaches to the sudden passion issue. We find no rational reason to consider a failure to object to a jury charge of voluntary manslaughter as precluding one from challenging the sufficiency of the evidence supporting the other elements of murder. We are also mindful that a majority of the Court of Criminal Appeals has not yet ruled that a defendant who merely fails to object to a lesser included offense charge is estopped from challenging the sufficiency of the evidence supporting a conviction for the lesser included offense. Consequently, we have decided to address appellant's point on the merits.

*Id.* at 247.

Thus *Vann* appears to create a split in authority among the courts of appeals. In hope the Court of Criminal Appeals will resolve the issue, we decline to address Grant's point on the merits and hold his failure to object to the submission of the voluntary manslaughter charge estops him from appealing the sufficiency of the evidence on the issue of "sudden passion." This point of error is overruled.

The judgment is affirmed.