Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JESUS MONTOYA,                                           )                  No. 08-01-00452-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  205th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20000D04150)

O P I N I O N

            Jesus Montoya appeals from his conviction for assault. A jury found Appellant guilty and
the trial court assessed punishment at a fine of $500 and confinement for one year in the county jail,
probated for two years. We affirm.
FACTUAL SUMMARY
            On June 7, 2000, Luis Berdeja and his friend Salvador Lopez attended a company baseball
game at Ponder Park in El Paso. While standing by his car, Berdeja saw his co-worker, Appellant. 
Appellant and his brother Raul confronted Berdeja about an office rumor. Appellant was angry
because he had heard Berdeja did not want to attend a party thrown by Appellant. During this
confrontation, Appellant stood in front of Berdeja while Raul stood behind him. Berdeja was
concerned because Raul kept one hand behind his back as if he were reaching for something in his
back pocket. Berdeja, who was trapped between two cars and the two men, asked if they were
picking a fight with him. Raul replied “yes” in Spanish. As Berdeja turned his head slightly to look
at Raul, Appellant swung his arm “full force” and struck Berdeja in the jaw with a full can of beer. 
The force of the blow broke a tooth and Berdeja’s jaw. When Raul began beating on his back,
Berdeja ran towards the bleachers for help. Lopez, who was standing near the bleachers talking with
a group of people, saw Appellant and his brother chasing Berdeja and striking him, but he believed
they were just playing and it was nothing serious. A man in the bleachers threatened to call the
police and broke up the fight but Appellant and Raul continued to threaten Berdeja, telling him that
they would get him again. Berdeja found Lopez and told him what had happened. Lopez saw blood
on Berdeja’s shirt and could tell that he was in pain. They went to a friend’s house where Berdeja
washed up before going to his mother’s house. He did not immediately tell his mother what had
happened because she has a “nervous condition.” But when he awoke at 2 a.m. in severe pain,
Berdeja asked his mother to take him to a hospital. Still concerned about worrying his mother,
Berdeja did not tell hospital personnel that he had been assaulted. Instead, he claimed that he was
struck in the face with a baseball. Berdeja’s injuries required surgery and his jaws were wired shut
for six weeks. Berdeja filed a police report on June 13 after he was released from the hospital. On
the same day he filed the police report, Berdeja filed a disability application with his employer as
a result of his injuries. 
            A grand jury indicted Appellant for aggravated assault. The two-paragraph indictment
alleged that Appellant (1) intentionally and knowingly threatened Berdeja with imminent bodily
injury and used a deadly weapon during the commission of the assault; and (2) intentionally,
knowingly, and recklessly caused bodily injury to Berdeja and used a deadly weapon during the
commission of the assault. The trial court instructed the jury on both aggravated assault and the
lesser-included offense of assault. More specifically, the court instructed the jury that if it found that
Appellant intentionally or knowingly struck Berdeja’s head with a beer can and caused bodily injury
but the jury had a reasonable doubt whether the beer can was a deadly weapon, the jury should find
him guilty of the lesser offense. Neither party objected to the court’s charge. The jury found
Appellant guilty of assault. 
SUBMISSION OF LESSER-INCLUDED OFFENSE
            In Issues One and Two, Appellant complains that the trial court submitted the lesser-included
offense of assault to the jury although Appellant did not request it and the evidence did not support
its submission. The defendant, seeking to limit his criminal liability, is generally the party requesting
a charge on the lesser offense pursuant to Tex.Code Crim.Proc.Ann. art. 37.09 (Vernon 1981). 
Ford v. State, 38 S.W.3d 836, 840 (Tex.App.--Houston [14th Dist.] 2001, pet. ref’d). However, the
State is equally entitled to seek such a charge when it feels the proof has fallen short of proving the
charged offense. Ford, 38 S.W.3d at 840, citing Arevalo v. State, 943 S.W.2d 887, 890
(Tex.Crim.App. 1997). The Code of Criminal Procedure imposes upon the trial court the duty to
instruct the jury on the law applicable to the case. Tex.Code Crim.Proc.Ann. art. 36.19. In
discharging this duty, the trial court is authorized to sua sponte include a charge on a lesser offense;
a trial court is not restricted to submitting lesser included offenses only when the defendant has
properly requested them. Ford, 38 S.W.3d at 840; McQueen v. State, 984 S.W.2d 712, 717
(Tex.App.--Texarkana 1998, no pet.). As Appellant did not object to the challenged instruction, he
must show that the instruction was unwarranted and that it caused him egregious harm. See Ford,
38 S.W.3d at 841.
            To determine whether an instruction on a lesser-included offense was properly given, we
apply a two-pronged test. Rousseau v. State, 855 S.W.2d 666, 672 (Tex.Crim.App.), cert. denied,
510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993); Avila v. State, 954 S.W.2d 830, 842
(Tex.App.--El Paso 1997, pet. ref’d). First, the lesser-included offense must be included within the
proof necessary to establish the offense charged. Rousseau, 855 S.W.2d at 672; Avila, 954 S.W.2d
at 842. Second, there must be some evidence in the record that would permit a jury to rationally 
find that if the defendant is guilty, he is guilty only of the lesser offense. Rousseau, 855 S.W.2d at
672; Avila, 954 S.W.2d at 842. The credibility of the evidence and whether it conflicts with other
evidence or is controverted may not be considered in determining whether an instruction on a
lesser-included offense should be given. Banda v. State, 890 S.W.2d 42, 60 (Tex.Crim.App. 1994),
cert. denied, 515 U.S. 1105, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995); Avila, 954 S.W.2d at 842. 
Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty
only of the lesser offense, then the charge is properly given. Saunders v. State, 840 S.W.2d 390, 391
(Tex.Crim.App. 1992); Avila, 954 S.W.2d at 842. An accused is guilty only of a lesser-included
offense if there is evidence that affirmatively rebuts or negates an element of the greater offense, or
if the evidence is subject to different interpretations, one of which rebuts or negates the crucial
element. See Ramirez v. State, 976 S.W.2d 219, 227 (Tex.App.--El Paso 1998, pet. ref’d). That the
jury may disbelieve crucial evidence pertaining to the greater offense is not sufficient to warrant the
submission of the lesser-included offense submission to the jury; there must be some evidence
directly germane to the lesser-included offense to warrant such submission. See Skinner v. State, 956
S.W.2d 532, 543 (Tex.Crim.App. 1997), cert. denied, 523 U.S. 1079, 118 S.Ct. 1526, 140 L.Ed.2d
677 (1998).
            Appellant does not dispute that assault is a lesser-included offense of aggravated assault. 
Instead, he argues that the evidence did not show that if guilty, he was guilty only of assault. The
record contains ample evidence that, if believed, Appellant struck Berdeja’s head with a beer can and
caused him bodily injury. Thus, there is evidence that Appellant committed assault. The issue is
whether there is some evidence negating or rebutting the deadly weapon element which elevates the
offense to aggravated assault. Consistent with the Penal Code’s definition, the trial court instructed
the jury that a deadly weapon is defined as “(a) anything manifestly designed, made or adapted for
the purpose of inflicting death or serious bodily injury or (b) anything that in the manner of its use
or intended use is capable of causing death or serious bodily injury.” See Tex.Penal Code Ann.
§ 1.07(a)(17)(Vernon Supp. 2004). The charge defined serious bodily injury as “bodily injury that
creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted
loss or impairment of the function of any bodily member or organ.” See Tex.Penal Code Ann.
§1.07(a)(46). To be considered “protracted” an injury should be “continuing, dragged out, drawn
out, elongated, extended, lengthened, lengthy, lingering, long, long-continued, long-drawn,
never-ending, ongoing, prolix, prolonged, or unending.” Moore v. State, 739 S.W.2d 347, 352
(Tex.Crim.App. 1987). 
            While the evidence showed that Berdeja suffered bodily injury and his jaws were wired shut
for six weeks following surgery, there was no evidence that his injuries created a substantial risk of
death or that he suffered serious permanent disfigurement. There is some evidence that the function
of Berjeda’s jaw was impaired on the day of the injury and for six additional weeks as a result of the
medical treatment, but the State did not offer any evidence that his injury would have caused
protracted disfigurement or impairment had he not obtained medical treatment. See Brown v. State,
605 S.W.2d 572, 575 (Tex.Crim.App. 1980)(where evidence showed victim’s broken nose resulted
in disfigurement and dysfunction at time injury was inflicted and nose would have remained
disfigured and dysfunctional if victim had not received medical treatment, evidence was sufficient
to show serious bodily injury). The jury could have rationally concluded from the evidence that
Berjeda’s injuries did not result in a protracted loss or impairment of the function of his jaw, and
therefore, the beer can was not a deadly weapon. Accordingly, the trial court properly submitted the
lesser-included offense instruction to the jury. Issues One and Two are overruled.
FACTUAL SUFFICIENCY
            In Issue Three, Appellant challenges the factual sufficiency of the evidence supporting his
assault conviction. He argues that Berjeda is unworthy of belief to the point that the jury’s verdict
is so contrary to the overwhelming weight of the evidence as to be manifestly unjust. Citing State
v. Lee, 818 S.W.2d 778 (Tex.Crim.App. 1991) and its progeny, the State responds that Appellant is
estopped from challenging the factual sufficiency of the evidence because he failed to object to
submission of the lesser-included instruction.
            The State relies on the rule first alluded to in Bradley v. State, 688 S.W.2d 847
(Tex.Crim.App. 1985) and then applied in the plurarity opinion in State v. Lee, 818 S.W.2d 778
(Tex.Crim.App. 1991), overruled on other grounds, Moore v. State, 969 S.W.2d 4, 10
(Tex.Crim.App. 1998). In Bradley, the defendant was indicted for murder but convicted by the jury
of the lesser included offense of voluntary manslaughter. Bradley, 688 S.W.2d at 848-49. Noting
the evidence was sufficient to support a conviction for murder, the Court of Criminal Appeals
nevertheless reversed and rendered a judgment of acquittal because there was no evidence of sudden
passion. Id. at 853. The court observed that the trial court had erred in instructing the jury on the
lesser-included offense but acquittal was appropriate because the defendant had “vociferously
objected to the inclusion of the voluntary manslaughter charge.” Id. If the defendant had requested
the instruction or had not objected, he would have been estopped from complaining on appeal that
the evidence did not establish all the elements of the lesser included offense. Id.
            The court had occasion to apply the latter rule in Lee. There, the defendant was indicted for
murder but found guilty by the jury of voluntary manslaughter. Lee, 818 S.W.2d at 778. The
defendant, who had not objected to submission of the voluntary manslaughter instruction and had
actually requested such an instruction, then challenged the sufficiency of the evidence to show
sudden passion. Id. Because there was no evidence of sudden passion, the Second Court of Appeals
rendered a judgment of acquittal. Lee v. State, 792 S.W.2d 590 (Tex.App.--Fort Worth 1990). The
Court of Criminal Appeals reversed that decision, holding that the defendant’s acquiescence to the
voluntary manslaughter instruction and acceptance of the benefit of the instruction estopped him
from challenging the sufficiency of the evidence. Lee, 818 S.W.2d at 781.
            Several courts followed Lee in cases where the defendant either requested or did not
object to the voluntary manslaughter instruction. See e.g., Reaves v. State, 970 S.W.2d 111, 118
(Tex.App.--Dallas 1998, no pet.); Grant v. State, 950 S.W.2d 450, 451 (Tex.App.--Beaumont 1997,
pet. ref'd); Taylor v. State, 947 S.W.2d 698, 702 (Tex.App.--Fort Worth 1997, pet. ref’d); Scott v.
State, 867 S.W.2d 148, 154 (Tex.App.--Austin 1993, no pet.); Tamez v. State, 865 S.W.2d 518, 519-20 (Tex.App.--Corpus Christi 1993, pet. ref’d). But see Vann v. State, 853 S.W.2d 243, 247
(Tex.App.--Corpus Christi 1993, pet. ref’d)(holding that failure to object to submission of the lesser-included offense of voluntary manslaughter did not preclude the defendant from arguing that the
evidence was insufficient to support an element of murder other than sudden passion). Lee has also
been applied to bar legal and factual sufficiency review in cases involving lesser-included offenses
other than voluntary manslaughter. See Otting v. State, 8 S.W.3d 681, 687 (Tex.App.--Austin 2000,
pet. ref’d, untimely filed); Bisco v. State, 964 S.W.2d 29, 30 (Tex.App.--Tyler 1997, pet. ref’d). But
see Castillo v. State, 7 S.W.3d 253, 262 (Tex.App.--Austin 1999, pet. ref’d)(questioning viability
of the rule). The Court of Criminal Appeals has granted discretionary review for the purpose of
reviewing the application of this rule in a case where the defendant was convicted of the lesser-included offense of criminally negligent homicide. See Bustillos v. State, No. 08-01-00467-CR,
2003 WL 1386948 (Tex.App.--El Paso March 20, 2003, pet. granted)(not designated for
publication).
            Even if the Lee rule does not bar Appellant’s sufficiency challenge, we find the evidence
factually sufficient to support his assault conviction. When conducting a factual sufficiency review,
we consider all of the evidence, both admissible and inadmissible, but we do not view it in the light
most favorable to the verdict. Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996); Levario
v. State, 964 S.W.2d 290, 295 (Tex.App.--El Paso 1997, no pet.). We review the evidence weighed
by the jury that tends to prove the existence of the elemental fact in dispute and compare it with the
evidence that tends to disprove that fact. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000);
Jones v. State, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996), cert. denied, 522 U.S. 832, 118 S.Ct.
100, 139 L.Ed.2d 54 (1997). A defendant challenging the factual sufficiency of the evidence may
allege that the evidence is so weak as to be clearly wrong and manifestly unjust, or in a case where
the defendant has offered contrary evidence, he may argue that the finding of guilt is against the great
weight and preponderance of the evidence. See Johnson, 23 S.W.3d at 11. Although we are
authorized to set aside the fact finder’s determination under either of these two circumstances, our
review must employ appropriate deference and should not intrude upon the fact finder’s role as the
sole judge of the weight and credibility given to any evidence presented at trial. See Johnson, 23
S.W.3d at 7. We are not free to reweigh the evidence and set aside a verdict merely because we feel
that a different result is more reasonable. Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997);
Clewis, 922 S.W.2d at 135.
            Appellant vigorously challenged Berdeja’s credibility at trial. Berdeja initially did not report
the assault to his mother or hospital personnel, but he explained that he gave a false story about his
injuries because he did not wish to alarm his mother who was present with him at the hospital. He 
reported the offense to police upon leaving the hospital. That police report coincided with him filing
a claim with his employer. Berdeja’s testimony that the assault occurred at the baseball game was 
corroborated by the witness Lopez who saw Appellant and his brother chasing and striking Berdeja. 
The jury’s resolution of these issues and its finding of guilt is not against the great weight and
preponderance of the evidence. Issue Three is overruled.
CROSS-EXAMINATION
            In Issue Four, Appellant argues that the trial court improperly limited his cross-examination
of Berdeja by not allowing him to show that the witness was on probation for assault on a public
servant at the time of the offense and had committed probation violations by drinking beer and being
out after curfew. Appellant sought to establish that Berdeja had committed these probation
violations, and thus, delayed making a police report due to his fear that he might be arrested for a
probation violation. Additionally, Appellant argues that the information was necessary in order for
counsel to determine whether the State had agreed to grant Berdeja leniency on a probation violation
in exchange for his testimony against Appellant.
            The trial court permitted Appellant to question Berdeja about his probation status outside the
presence of the jury. When Appellant asked Berdeja whether he was on probation at the time of the
offense, Berdeja responded that he had already completed probation. When pressed, Berdeja did not
recall the exact date he began or completed probation but believed he was not on probation at the
time. The trial judge did not permit Appellant to cross-examine Berdeja in the jury’s presence about
the alleged probation violations but said she would reconsider her ruling if additional evidence came
to light during the trial. She encouraged Appellant’s attorney to lay the foundation for the probation
violations and then introduce evidence during Appellant’s case-in-chief, if he could, to establish that
he was on probation. Appellant did not ask Berdeja in the jury’s presence whether he was on
probation at the time of the offense. Instead, after establishing that Appellant did not report the
assault to the police until June 13, 2000, Appellant’s counsel approached the bench and stated, “I
am going to assert again that I have established the foundation for the probation violation.” He did
not obtain a ruling from the trial court on his renewed request to question Berdeja about the
probation violation.
            The constitutional right of confrontation necessarily includes the right to cross-examine. 
Carroll v. State, 916 S.W.2d 494, 497 (Tex.Crim.App. 1996). Cross-examination serves three
general purposes: it may serve to identify the witness with his community so that independent
testimony may be sought and offered concerning the witness’s reputation for veracity in that
community; it allows the jury to assess the credibility of the witness; and, it allows facts to be
brought out tending to discredit the witness by showing that his testimony in chief was untrue or
biased. Id. The constitutional right of confrontation is violated when appropriate cross-examination
is limited. Id. The scope of appropriate cross-examination is necessarily broad and a defendant is
entitled to pursue all avenues of cross-examination reasonably calculated to expose a motive, bias
or interest for the witness to testify. Id. This broad scope necessarily includes cross-examination
concerning criminal charges pending against a witness and over which those in need of the witness’s
testimony might be empowered to exercise control. Id. Evidence that a witness whom the State calls
is subject to a criminal charge, or is on regular or deferred adjudication community supervision, can
be used to show the bias or interest of the witness in helping the State. Maxwell v. State, 48 S.W.3d
196, 200 (Tex.Crim.App. 2001).
            Appellant did not establish that Berdeja was, in fact, on probation at the time of the offense. 
To the contrary, Berdeja said that his probation had concluded. In the absence of any evidence that
Berdeja was indeed on probation, the trial court did not abuse its discretion in refusing to permit
Appellant to question Berdeja about the alleged probation violations. Issue Four is overruled.
IMPEACHMENT
            In Issue Five, Appellant contends the trial court improperly prevented him from impeaching
Berdeja with a prior felony conviction for assault on a public servant. Rule 609 of the Rules of
Evidence provides:
(a) General Rule. For the purpose of attacking the credibility of a witness, evidence
that the witness has been convicted of a crime shall be admitted if elicited from the
witness or established by public record but only if the crime was a felony or involved
moral turpitude, regardless of punishment, and the court determines that the
probative value of admitting this evidence outweighs its prejudicial effect to a party. 

Tex.R.Evid. 609.
 
            When asked outside the presence of the jury the offense for which he had been on probation,
Berdeja said: “I believe it was assault on a public servant.” The prosecutor, however, later clarified
that Berdeja had been initially charged with assault on a public servant but had pled guilty to the
lesser-included offense of Class A assault. Thus, she objected to impeachment with that
misdemeanor conviction. The prosecutor’s assertion that Berdeja was not convicted of a felony is
supported by the State’s written response to a discovery order which shows that Berdeja was arrested
for aggravated assault of a police officer on October 25, 1998 and was convicted of assault on
February 1, 1999. During the same discussion, Appellant’s attorney stated as follows:
I wouldn’t necessarily bring in what the offense was. Just that it goes to his
credibility and the way he behaved that night. He is telling the jury one thing and he
is actually trying to cover up his own misconduct or he would have called the police
or sought medical attention. 

The trial court sustained the prosecutor’s objection.
            In order to present a complaint on appeal, the record must show that the complaint was made
to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that
the complaining party sought from the trial court. See Tex.R.App.P. 33.1(a)(1). At trial, Appellant
focused significant effort on showing that Berdeja lied to the jury about the reasons for not
immediately reporting the assault. To this end, he sought to show that Berdeja was on probation and
had committed violations of his probation on the evening of the assault. Appellant went so far as
to tell the trial court that he did not need to inform the jury the offense for which Appellant had been
placed on probation, just the fact that he was on probation. In our view, Appellant has waived his
argument and should not be heard to now complain on appeal that the court erred by not allowing
him to impeach Appellant with a felony conviction.
            Even if Appellant did not waive his complaint, it is without merit. There is evidence from
which the trial court could have concluded that Appellant’s conviction was not a felony. A
misdemeanor assault is a crime of moral turpitude only where it is committed by a man against a
woman. Lopez v. State, 990 S.W.2d 770, 778 (Tex.App.--Austin 1999, no pet.). A misdemeanor
assault conviction not shown to have been committed upon a female is not one involving moral
turpitude, and therefore, is not available for impeachment under Rule 609. See Knox v. State, 487
S.W.2d 322, 326 n.2 (Tex.Crim.App. 1972), overruled on other grounds, Bradford v. State, 608
S.W.2d 918 (Tex.Crim.App. 1980); Lopez, 990 S.W.2d at 778. There is no evidence that
Appellant’s assault conviction involved a female complainant. Accordingly, the trial court did not
abuse its discretion in refusing to allow Appellant to impeach Berdeja with this conviction. Issue
Five is overruled.
INEFFECTIVE ASSISTANCE
            In his final issue, Appellant contends that he was deprived of the effective assistance of
counsel at trial. The proper standard for determining claims of ineffective assistance under the Sixth
Amendment is the two-step analysis adopted by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 988
S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that
counsel’s performance was deficient, to the extent that counsel failed to function as the “counsel”
guaranteed by the Sixth Amendment. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).
The defendant must demonstrate that his attorney’s representation fell below an objective standard
of reasonableness under prevailing professional norms. Vasquez v. State, 830 S.W.2d 948, 949
(Tex.Crim.App. 1992). Under the second prong, the defendant must establish that counsel’s
deficient performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80
L.Ed.2d at 693; Jackson, 877 S.W.2d at 771. Prejudice is established by a showing that there is a
reasonable probability that but for counsel’s unprofessional errors, the result of the proceeding would
have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877
S.W.2d at 771; Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S.
at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877 S.W.2d at 771.
            When we review a claim of ineffective assistance of trial counsel, we must indulge a strong
presumption that counsel’s conduct falls within the wide range of reasonable, professional assistance
and the appellant must overcome the presumption that the challenged conduct can be considered
sound trial strategy. Jackson, 877 S.W.2d at 771; Calderon v. State, 950 S.W.2d 121, 126
(Tex.App.--El Paso 1997, no pet.). An appellant challenging trial counsel’s performance therefore
faces a difficult burden and “a substantial risk of failure.” See Thompson v. State, 9 S.W.3d 808, 813
(Tex.Crim.App. 1999). Allegations of ineffectiveness of counsel must be firmly founded in the
record. Hawkins v. State, 660 S.W.2d 65, 75 (Tex.Crim.App. 1983); Calderon, 950 S.W.2d at 126.
Under the Strickland test, the appellant bears the burden of proving ineffective assistance by a
preponderance of the evidence. Jackson, 877 S.W.2d at 771; Calderon, 950 S.W.2d at 126.
            The trial court permitted Appellant to impeach Salvador Lopez with evidence that he had a
criminal indictment for unauthorized use of a motor vehicle pending against him and that his case
was being handled by the same prosecutor as in the instant case. Appellant expected his case to be
dismissed, not because the prosecutor had reached an agreement with him, but rather because the
complainant, who was a friend, did not appear for trial. Lopez denied having been given any deal
by the prosecutor for his testimony. 
            Appellant faults trial counsel for not filing a motion to recuse the prosecutor on the ground
that she was a witness and he suggests there must have been some kind of deal between the
prosecutor and Lopez for his testimony. This assertion is contrary to the evidence developed at trial
and is without any sort of foundation. The record does not show that the prosecutor was a fact
witness or did anything improper to warrant a motion to recuse. Counsel is not ineffective for failing
to pursue a futile course. See Mooney v. State, 817 S.W.2d 693, 698 (Tex.Crim.App. 1991). 
Additionally, Appellant did not file a motion for new trial, and consequently, counsel has not been
afforded an opportunity to respond to these allegations. Appellant has failed to rebut the
presumption that counsel’s conduct fell within the wide range of reasonable professional assistance. 
Issue Six is overruled. Having overruled all six issues, we affirm the judgment of the trial court.


July 1, 2004                                                                 
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)