In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-372 CV


____________________



IN RE HOWARD L. GRANT






Original Proceeding






MEMORANDUM OPINION


 Howard L. Grant petitioned the Court for a writ of mandamus to compel the trial
court to delete a deadly weapon finding by issuing a judgment nunc pro tunc. (1) His motion
to the trial court avers that the jury did not affirmatively find the use of a deadly weapon
as required by Polk v. State, 693 S.W.2d 394 (Tex. Crim. App. 1985). In denying the
motion for judgment nunc pro tunc, the trial court found that the application paragraph of
the jury charge authorized the jury to convict if it found that the defendant caused the death
of the complainant by shooting him with a deadly weapon, namely a firearm. A deadly
weapon finding is authorized. Lafleur v. State, 106 S.W.3d 91, 98-99 (Tex. Crim. App.
2003). 

 We may grant mandamus relief if relator demonstrates that the act sought to be
compelled is purely ministerial under the relevant facts and law, and that relator has no other
adequate legal remedy. State ex. rel. Hill v. Court of Appeals for the Fifth District, 34
S.W.3d 924, 927 (Tex. Crim. App. 2001). An act is "ministerial" if it does not involve
the exercise of any discretion or the relator's entitlement to the relief sought is clear and
indisputable such that its merits are beyond dispute. Id. at 927-28. In this case, the
relator has not shown that he is entitled to the relief sought.

 The petition for writ of mandamus is therefore denied.

 WRIT DENIED.

 PER CURIAM

Opinion Delivered August 25, 2005 

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Grant's conviction for voluntary manslaughter was affirmed by this Court in 1997. 
Grant v. State, 950 S.W.2d 450 (Tex. App.--Beaumont 1997, pet. ref'd).