**Stacie Lynette McQUEEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–97–00072–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 2, 1998.

Decided Dec. 11, 1998.

---

9. *See Downing,* 915 S.W.2d at 183.

Scott R. Courtney, Houston, for appellant.

John B. Holmes, District Attorney of Harris County, Julie Klibert, Assistant District Attorney, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Stacie Lynette McQueen was indicted and tried for assault of a peace officer. The jury found her guilty of the lesser included offense of criminal assault and set her punishment at one year of confinement and a $4,000.00 fine. We affirm the conviction.

Houston police officers R.D. Rodriguez, Bill Gonzales, and Randy Bond were on bicycle patrol in the Bellaire Square Apartments on the night of October 28, 1996. While on patrol that night, the officers watched McQueen walk through the courtyard and into the parking lot. The officers stopped her and asked her a few questions. During the conversation, the officers noticed that McQueen became nervous and was fidgeting with something in her pocket. Concerned for their safety, Officer Rodriguez asked McQueen to remove her hands from her pockets. After McQueen refused several times, Rodriguez grabbed her wrist and tried to expose her hand. McQueen resisted, and a struggle ensued. Gonzales and Bond came to Rodriguez' assistance. At some point during the altercation, McQueen kicked Gonzales in the groin area and bit Bond on his leg. Gonzales' thumb was also injured during the

struggle. Throughout the struggle and until the point she was placed in a jail cell, McQueen remained combative.

In her first point of error, McQueen contends that the trial court erred by sua sponte instructing the venire panel that probation was not a proper punishment. At voir dire, she objected to the statements the court made after the prosecutor told the panel that probation was proper. The court told the panel that probation was not proper. He repeated the statement, elaborating that, "I don't want you to speculate about why it's not an issue, but it's not an option in the event of a guilty verdict here-okay?" The State argues that since McQueen's objection did not state any grounds, she did not preserve error. The State also argues that the trial court properly instructed the venire panel during the voir dire proceedings, and thus did not abuse its discretion.

 To preserve error for review, a party must make a timely and specific objection that is followed by an adverse ruling. TEX. R. APP. P. 33.1; *Ramirez v. State,* 815 S.W.2d 636, 643 (Tex.Crim.App.1991). When objections and rulings are made during a sidebar conference that is conducted off the record, nothing is preserved for review. *Wallace v. State,* 822 S.W.2d 290, 293 (Tex. App.-Houston [1st Dist.] 1991, pet. ref'd). After the trial court instructed the jury that probation was not an option, McQueen objected by stating, "Your Honor we have to object to that since she has already told them." The objection does not specify the legal grounds for her complaint. Although McQueen might have articulated her objection in the sidebar conference, it is not shown in the record. Thus, McQueen did not preserve her objection for appellate review.

 Even if McQueen preserved her objection, we find there was no error. A trial court does not err by instructing the venire panel that probation is not an available punishment. When a defendant has a prior felony conviction or has failed to file an application for probation, the trial court does not abuse its discretion in refusing to allow either party to question the venire members about probation. *Earhart v. State,* 823 S.W.2d 607, 623 (Tex.Crim.App.1991); *Wyle v. State,* 777 S.W.2d 709, 716 (Tex.Crim.App. 1989). McQueen had a prior felony conviction and did not file an application for probation. Thus, the judge properly limited the scope of the examination to exclude probation.

McQueen also contends that during the punishment stage the trial court improperly admitted evidence of extraneous offenses. McQueen made a pretrial request for the State to produce all extraneous evidence of prior bad acts that it might introduce at trial. The State responded with a list of four prior convictions and an unadjudicated bad act. McQueen's specific argument is that the State did not provide her with the jail cards and the judgment and sentence sheets that it used to prove her prior convictions. Also, she contends she was not notified of the county where the unadjudicated bad act occurred.

 Article 37.07, § 3(g) of the Texas Code of Criminal Procedure [1] requires the State, on timely request, to give the defendant notice of extraneous crimes or bad acts that the State intends to use at trial. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp.1998). The notice must be reasonable. TEX. R. EVID. 404(b). Article 37.07, § 3(g) also requires the State to give additional notice if it intends to use an extraneous offense that has not resulted in a final conviction. To be reasonable, the notice must include the date on which the offense

---

1. Article 37.07, § 3(g) provides:

 On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the

 notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.
 TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp.1998).

occurred, the county where it occurred, and the name of the alleged victim. *Id.* With respect to the introduction of McQueen's four prior convictions, we find the State's notice substantially complied with Article 37.07, § 3(g). The State is not required to give its notice in any particular manner under Article 37.07, § 3(g). *See Neuman v. State*, 951 S.W.2d 538, 540 (Tex.App.-Austin 1997, no pet.). The State listed the following for each conviction: the cause number, the district court number, the type of offense, the date, the length of confinement, and the place of confinement. We conclude that this constituted reasonable notice under the statute.

The statute specifically requires the State to list the county of the offense in its notice for unadjudicated offenses. Although Article 37.07 requires the State to list the date, the name of the victim, and the county where an unadjudicated offense occurred, some courts hold that substantial compliance is sufficient. The Fort Worth Court of Appeals, in *Nance v. State*, held that the State substantially complied even though it failed to list the county of an unadjudicated offense. *Nance v. State*, 946 S.W.2d 490, 493 (Tex.App.-Fort Worth 1997, pet. ref'd). The court held that the State is not required to list the county of the unadjudicated offense when the offense is currently pending in a court of record and defense counsel is ready to proceed to trial on that offense. Likewise, the Beaumont Court of Appeals, in *Hohn v. State*, held that the State substantially complied with Article 37.07, § 3(g) when it gave a range of three months in which the extraneous offenses took place, rather than a specific date. *Hohn v. State*, 951 S.W.2d 535 (Tex.App.-Beaumont 1997, no pet.).

■ The State argues that its notice of the unadjudicated offense substantially complied with Article 37.07, § 3(g). Even though the notice did not list the county where the offense took place, it identified the complainant, Officer Menjaris. The State's subpoena list reflects that Officer Menjaris is a Houston police officer. The notice also gives the date of the unadjudicated offense, which is the same date as the offense for which McQueen was being tried. The alleged unadjudicated offense was that of kicking Officer Menjaris. Since the bad act was kicking a Houston police officer and the act occurred during her detention for the same offense for which she was being tried, and that offense occurred in Houston, Harris County, the notice gave reasonable notice that the bad act also occurred in Houston, Harris County. In these circumstances, we find that the notice substantially complied with the rule by giving adequate information reasonably identifying the county where the offense occurred.

■ If the notice did not substantially comply, we find that the error was harmless. The offense and the trial here occurred while TEX. R. APP. P. 81(b)(2) was in effect.[2] To determine if the error was harmless under that rule, we must determine beyond a reasonable doubt that the error made no contribution to the punishment.

We conclude that evidence of the unadjudicated offense did not make any contribution to the punishment. Officer Menjaris testified, and he made only one statement about McQueen during his brief testimony. He testified that McQueen "was combative" at the time they placed her in a cell. He did not specify how McQueen was combative. When the prosecutor asked Menjaris if he was able to identify McQueen in the courtroom, Menjaris said he could not. The prosecutor did not mention the unadjudicated offense in closing arguments or at any other point during the punishment stage.

McQueen argues that she received the maximum punishment and thus was harmed by the introduction of the unadjudicated offense. The record does not support a conclusion that McQueen's maximum punishment was affected in any way by evidence of the unadjudicated offense. Considering that evidence of the four prior convictions was undisputed, it is unlikely that the unadjudicated bad act increased McQueen's punishment. McQueen has not demonstrated how she was

2. TEX. R. APP. P. 44.2(b) now sets the standard of harmless error review for nonconstitutional errors.

harmed by admitting testimony of the unadjudicated offense.

In her third point of error, McQueen contends that the prosecutor made an improper closing argument. The prosecutor remarked in closing argument that McQueen did not call Steven Rhodes to testify on her behalf because his testimony would not help her. The prosecutor stated,

> Why didn't Mr. Rhodes take the stand for Stacie McQueen and tell you that her conduct was perfectly okay? Why didn't he take the stand and tell you why she was on the property? Why didn't he take the stand and tell you she did nothing wrong? These officers were wrong. I submit to you because he doesn't agree with that.
>
> . . . .
>
> I submit to you that Steven Rhodes did not take the stand for Stacie McQueen because she wasn't supposed to be on that property and what she had did (sic) was wrong and that her conduct was wrong.

We find no error in this regard.

■■■ Generally, a prosecutor may properly comment on a defendant's failure to call a competent and material witnesses, and may also argue the reason for such a failure is that the testimony would be unfavorable to the defense. *Carrillo v. State,* 566 S.W.2d 902, 912 (Tex.Crim.App. [Panel Op.] 1978); *Reese v. State,* 905 S.W.2d 631, 637 (Tex. App.-Texarkana 1995, pet. ref'd, untimely filed). This rule is the same even if the State subpoenaed the witness. *Cooper v. State,* 783 S.W.2d 235, 237 (Tex.App.-Texarkana 1989, no pet.). Such a comment is not proper, however, when it is shown that this witness was unavailable to testify on behalf of the defendant. *Reese v. State,* 905 S.W.2d at 637. McQueen does not assert that Rhodes was unavailable.

Next, McQueen contends that the trial court erred by sua sponte including in the guilt/innocence charge an instruction on a lesser included offense. She argues that a lesser included offense issue may be submitted only when properly requested by the defendant. The State argues that the trial court has the discretion to charge the jury on any lesser included offense when the evidence supports such a charge. The State also argues that McQueen did not properly object to the inclusion of the lesser included offense and thus did not preserve any error.

McQueen was indicted for assault of a peace officer under TEX. PEN. CODE ANN. § 22.01(b)(1) (Vernon Supp.1998). The trial court's charge contained a jury question on the lesser included offense of criminal assault under TEX. PEN. CODE ANN. § 22.01(a) (Vernon 1994). The State did not object to any part of the court's charge. McQueen objected to the inclusion of the lesser included offense, stating that she did not have an opportunity to talk to the jury about the issue. The trial court overruled her objection, and the jury convicted her of the lesser included offense of criminal assault.

■■ The trial judge has the legal duty and responsibility to prepare for the jury a proper and correct charge on the law and the law as may be applied to the facts adduced. TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp.1998); *Posey v. State,* 966 S.W.2d 57, 69 (Tex.Crim.App.1998) (citing *Doyle v. State,* 631 S.W.2d 732, 738 (Tex. Crim.App. [Panel Op.] 1980) (plurality opinion)). Although a trial court will generally accept proposed charges from the State and the defense, the main responsibility for submitting a correct charge lies with the court. If there is sufficient evidence to support a conviction on a lesser included offense, the trial court is authorized to charge the jury on that offense, even if the defendant does not request the issue and even over the defendant's objection. *See Humphries v. State,* 615 S.W.2d 737, 738 (Tex.Crim.App. [Panel Op.] 1981).

■■ We also find that McQueen's objection to the submission of the lesser included offense did not preserve error. In order to complain on appeal that the lesser included offense was not raised by any evidence, the defendant must specifically object on the basis that the evidence does not support the inclusion of the lesser included offense. *Goodwin v. State,* 694 S.W.2d 19, 26 (Tex. App.-Corpus Christi 1985, pet. refused). During oral argument, McQueen contended

that the evidence did not support the inclusion of the lesser included offense, but she made no such claim during the trial or in her brief on appeal. McQueen's objection did not complain that the evidence was insufficient to support the issue of assault.[3] Thus, if the trial court did err by instructing the jury on assault, McQueen waived the error by not properly objecting. *Id.*

McQueen contends that the State violated the trial court's discovery order. The court's discovery order required the State to disclose all witnesses who may have knowledge of the subject matter of the crime. McQueen complains because two witnesses testified at the punishment stage of the trial, but neither witness was subpoenaed by the State or disclosed to her before they were called to testify.

We need not address the merits of this complaint because McQueen failed to request a continuance on grounds of surprise. Failure to seek a continuance or postponement of the trial when the State allegedly fails to fully effectuate discovery causing surprise waives any error. *Lindley v. State,* 635 S.W.2d 541, 544 (Tex.Crim.App. [Panel Op.] 1982); *Garner v. State,* 939 S.W.2d 802, 804 (Tex.App.-Fort Worth 1997, pet. denied); *Mock v. State,* 848 S.W.2d 215, 222 (Tex. App.-El Paso 1992, pet. ref'd).

McQueen also complains of the trial court's failure to include a reasonable doubt instruction in the punishment charge. She argues that the trial court must have included such an instruction, even though she did not object or request one, and that the failure to do so requires a reversal. The State argues that McQueen waived this complaint because she did not request an instruction or object to its absence. In the alternative, the State contends that if error exists, it is harmless under the *Almanza* standard. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984) (opinion on reh'g).

McQueen's argument is based on *Huizar v. State,* 966 S.W.2d 702 (Tex.App.-San Antonio 1998, pet. granted). In *Huizar,* the court held that the failure of the trial court to charge the jury at the punishment stage with a general and specific reasonable doubt instruction was error. *Id.* at 708–09. The error was preserved for review even though the appellant did not object or request the instruction. *Id.* at 707. The court then analyzed the error under the harmless error standard set out in TEX. R. APP. P. 44.2, rather than the egregious harm standard set out in *Almanza. Id.* at 710. Citing the Texas Court of Criminal Appeals decision in *Abdnor v. State,* the *Huizar* court concluded that an *Almanza* analysis did not apply. *Id.* at 709. The court found that the *Almanza* standard is limited to violations of Articles 36.14–36.19 of the Code of Criminal Procedure that do not implicate state or federal constitutional rights. *Id.* at 709; *see Abdnor v. State,* 871 S.W.2d 726, 732 (Tex.Crim.App. 1994). Since an instruction on reasonable doubt is based on state and federal constitutional rights, the court in *Huizar* held that reviewing courts must analyze the error under TEX. R. APP. P. 44.2 rather than *Almanza. Huizar v. State,* 966 S.W.2d at 709; *see Abdnor v. State,* 871 S .W.2d at 732.

We conclude that McQueen waived any error by failing to request or object to the punishment charge. In *Mitchell v. State,* the Court of Criminal Appeals held that a trial court is required to give an instruction on reasonable doubt at the punishment stage of the trial *if the defendant requests the instruction. Mitchell v. State,* 931 S.W.2d 950 (Tex.Crim.App.1996). We believe that if the Court of Criminal Appeals meant to impose the broader duty on the trial court to sua sponte include the instruction, it would have said so by express language. Even if such a duty existed, the trial court should not be reversed unless the defendant brings the error to the attention of the trial court. The

---

**3.** McQueen's objection to the lesser included offense was as follows:

> We would object to the inclusion of the lesser included offense of assault. I assume that the prosecution asked you to include that in the charge and we'll object to that. We've had no notice of it. We didn't get the opportunity to

talk to the jury about it in jury selection. It's not been brought up. It would be unfair to the jury to have something thrown at them at the last minute like this that's not been discussed.

> We haven't talked about the elements of assault with this jury and object to its inclusion.

Fort Worth Court of Appeals, in *Tow v. State,* has interpreted the *Mitchell* decision in a similar manner. *Tow v. State,* 953 S.W.2d 546, 548 (Tex.App.-Fort Worth 1997, no pet.). The court in *Tow* held that because the defendant neither requested nor objected to the absence of such an instruction, he failed to preserve error. *Id.; see* TEX. R. APP. P. 33.1; *Mitchell v. State,* 931 S.W.2d at 954.

Considering the Court of Criminal Appeals precedent and persuasive authority from the Fort Worth Court of Appeals, we hold that McQueen did not preserve error. She did not object to the court's charge at the punishment stage of trial, and cannot now complain on appeal that the trial court erred.

₀ If we were to conclude that McQueen did preserve error, we would find the error harmless. The Austin Court of Appeals, in *Cormier v.. State,* held that the proper standard of review is the egregious harm standard set out in *Almanza.* *Cormier v. State,* 955 S.W.2d 161 (Tex.App.-Austin 1997, no pet.). In *Cormier,* the trial court failed to define reasonable doubt in the defendant's punishment charge. *Id.* at 163. The defendant did not request a definition or object to its absence. *Id.* The *Cormier* court did not decide whether the failure to include the instruction was error. *Id.* Instead, the court held that *if* the trial court erred by not including the instruction, the error was harmless. *Id.* at 164. Relying on the *Almanza* case, the court held that the proper harm analysis is the egregious harm standard. *Id.* at 163. The court also noted that the Texas Court of Criminal Appeals decision in *Mitchell v. State* determined that a trial court's refusal to include a defendant's reasonable doubt instruction in the punishment charge was error subject to the *Almanza* analysis. *Cormier v. State,* 955 S.W.2d at 163; *Mitchell v. State,* 931 S.W.2d 950 (Tex. Crim.App.1996). Finding no egregious harm, the *Cormier* court affirmed the appellant's conviction.

In *Mitchell v. State,* the trial court refused to include a reasonable doubt instruction, over the request of the defendant. *Mitchell v. State,* 931 S.W.2d at 951. Finding error in this regard, the Court of Criminal Appeals remanded the case to the Court of Appeals to conduct a harm analysis. The *Mitchell* decision cites the *Almanza* case as the proper standard for conducting a harm analysis for this type of error in the punishment charge. *Id.* at 954. We conclude that the harm analysis under the *Almanza* standard is the proper standard to use here.

The *Almanza* standard requires reversal of the lower court's decision if the reviewing court finds egregious harm. *Almanza v. State,* 686 S.W.2d at 171. Egregious harm consists of errors affecting the very basis of the case or that deprive the defendant of a valuable right, vitally affect a defensive theory, or make the case for conviction or punishment clearly and significantly more persuasive. *Saunders v. State,* 817 S.W.2d 688, 692 (Tex.Crim.App.1991). We determine harm in light of the entire jury charge; the state of the evidence, including contested issues and the weight of the probative evidence; the argument of counsel; and any other relevant information revealed by the record as a whole. *Rudd v. State,* 921 S.W.2d 370, 373 (Tex.App.-Texarkana 1996, pet. ref'd). The purpose is to eliminate the actual and not just the theoretical harm to the accused. *Id.*

After reviewing the record, we find that McQueen did not suffer egregious harm. The jury had a proper reasonable doubt instruction in the guilt/innocence stage of the trial; the punishment charge was given to the jury on the same day as the guilt/innocence charge; the punishment charge contains no other errors; the State proved McQueen's four prior convictions, with uncontested evidence, beyond a reasonable doubt; and the State called a fingerprint expert to testify as to McQueen's prints being those on the jail cards and judgment and sentence sheets.

For all the reasons stated, we affirm the judgment.