# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00445-CR

**Ex parte Andrij Myrosl Luciw**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 07-003-K368A, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State charged appellant Andrij Luciw with possession of less than one gram of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115 (West Supp. 2009). Luciw pleaded guilty to the offense. Luciw subsequently filed an application for a post-conviction writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005), which the trial court denied. On appeal, Luciw argues that the trial court abused its discretion in denying relief on the habeas application because (1) the court decided the matter on written affidavits rather than holding a hearing, (2) Luciw did not receive effective assistance of counsel during plea proceedings, and (3) venue was improper in Williamson County. We affirm the judgment of the trial court.

## BACKGROUND

On December 30, 2006, appellant Andrij Luciw was driving southbound on Interstate Highway 35 ("IH-35") in a Ford Explorer. His brother, Dmytro, rode next to him in the passenger's seat. Round Rock Police Officer Joseph Claypool, who was also traveling southbound on IH-35, encountered Luciw's vehicle at a location north of the intersection of IH-35 and

Louis Henna Boulevard in Round Rock, an area located in Williamson County. Observing that the vehicle had Pennsylvania license plates, Claypool relayed the plate number to the communications department of the Round Rock Police Department. A few minutes later, the communications department informed Claypool that the plates were registered to a vehicle that had been reported stolen in Pennsylvania.

In accordance with department protocol for felony traffic stops, Claypool waited for two other patrol cars to arrive before stopping the vehicle. The stop was made near exit 246 off of IH-35, placing the location of the stop in Travis County. Weapons drawn, the officers ordered Luciw and his brother, Dmytro, out of the car. According to an affidavit filed by Claypool during habeas proceedings, he detected the odor of burnt marijuana coming from the vehicle. He observed a green leafy substance on the console between the driver's seat and passenger's seat. Claypool and Sergeant Mike Osborn searched the vehicle and found three plastic baggies containing marijuana. They also discovered a black duffel bag behind the driver's seat, which contained four plastic baggies in a medicine bottle. Each of the baggies contained a white powder substance. Osborn field tested the substance, finding that the substance in all four baggies was cocaine, weighing an aggregate of 2.8 grams including packaging.

Luciw informed Claypool that he was the rightful owner of the vehicle, that he had reported it stolen, and that the vehicle had subsequently been found. The Round Rock police contacted the Pennsylvania law enforcement agency that had listed the vehicle as stolen. The agency confirmed that the vehicle had been recovered, but that due to administrative error the listing had not been removed from the stolen vehicles database. According to Claypool's affidavit,

2

both conversations took place after Claypool detected the odor of burnt marijuana coming from the vehicle.

Claypool arrested Luciw for possession of cocaine. Claypool transported Luciw to the Round Rock Police Department for booking, and Luciw was eventually booked into the Williamson County Jail. Claypool filed a complaint in Williamson County for the third-degree felony of possession of a controlled substance.

Luciw retained attorney Michael White to handle his defense. On January 19, 2007, White received a letter from the Williamson County District Attorney's office offering a sentence of four years' deferred adjudication, a $2,500 fine, and 20 days in jail as a condition of supervision in exchange for a plea of guilty to the state jail felony of possession of less than one gram of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115. The letter stated that Luciw had until January 31, 2007 to accept the offer. On January 31, 2007, Luciw accepted the plea agreement and pleaded guilty. Luciw was sentenced in accordance with the agreement on February 20, 2007.

Approximately one year later, on February 15, 2008, Luciw filed an application for a writ of habeas corpus alleging as grounds, inter alia, improper venue in Williamson County, illegal search and seizure, and ineffective assistance of counsel. In support of his application, Luciw submitted his own affidavit and the affidavit of Dave Howard, an attorney who had represented Luciw's brother on charges stemming from the traffic stop.[1] The State submitted the affidavits of Claypool and White.

---

[1] Luciw's brother was charged with possession of marijuana following the stop. According to Howard, the charges against Luciw's brother were dismissed on the basis of improper venue in Williamson County.

3

White's affidavit directly conflicts with the affidavits of Luciw and Howard in numerous important respects. White stated that, "[p]rior to Mr. Luciw's guilty plea, I went over the felony information and the plea paperwork with him," detailing three potential courses of action. White maintained that he and Luciw had "lengthy discussions" about the venue issue in particular, and that Luciw signed the plea agreement "in [his] presence." White also indicated that he "had discussions with Dave Howard, who represented Mr. Luciw's brother," about the case prior to Luciw's plea.

Luciw, on the other hand, stated in his affidavit that he did not meet or speak with White "until the day of sentencing," and that White sent a different lawyer, David Fernandez, to handle the plea itself. This assertion is supported by the reporter's record of the plea proceeding, which lists appearances by the prosecution and Fernandez only.[2] According to Luciw, he never knew he "had any choices, much less the 'pros and cons' of the 'venue' issue, or even that I had a right to raise these issues in a pre-trial format" until after he was sentenced.[3] Further, Luciw explained that he "did not sign any documents in [White's] presence, because in point of fact [White] was not present" on the day of the plea. In addition, Howard stated he left a message for White regarding the venue issue but did not speak to him about the case until after sentencing, at which point White "did not show much interest in the topic" during a "very short" conversation.

---

[2] The reporter's record does list an appearance by White at the sentencing proceeding.

[3] We note, however, that when the trial court asked Luciw at the sentencing proceeding whether White had "fully advised [him] as to the law and the facts regarding [the] case," Luciw answered, "Yes, sir." When the trial court then asked Luciw if he felt that White had "adequately represented" him, Luciw answered, "I do."

4

The trial court, which had also accepted Luciw's plea and sentenced Luciw, disposed of the habeas application on the submitted affidavits without holding a hearing. The trial court's findings of fact deemed the affidavits of Claypool and White "credible." Consistent with White's version of events, the trial court further found that Luciw and White had extensive conversations regarding the case before Luciw pleaded guilty, and concluded that Luciw's plea had been knowing and voluntary. Based on its findings, the trial court denied Luciw's habeas application, and this appeal followed.

**STANDARD OF REVIEW**

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). The appellate court affords almost total deference to a trial court's factual findings in habeas proceedings, especially when those findings are based upon credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). The trial court's determinations of historical fact are entitled to some deference even when the court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts. *Manzi v. State*, 88 S.W.3d 240, 243-44 (Tex. Crim. App. 2002). We afford almost total deference to the trial court's application of the law to the facts if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App.

5

2007). If the resolution of the ultimate questions turns on an application of legal standards, we review the determination de novo. *Id.*

## DISCUSSION

**Failure to Hold a Hearing**

In his first point of error, Luciw argues that the trial court abused its discretion by failing to hold a contested hearing on his application for a writ of habeas corpus, instead deciding the matter on the basis of submitted affidavits. In order for a complaint to be preserved on appeal, "the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion." Tex. R. App. P. 33.1(a). In this case, the record contains no request that the trial court hold a hearing on Luciw's habeas application. While Luciw's appellate counsel stated at oral argument that a request for a hearing on Luciw's habeas application had been made to the trial court off the record, such a request is not sufficient to preserve the matter on appeal. *See id.* (requiring requests to be on record); *see also McQueen v. State*, 984 S.W.2d 712, 715 (Tex. App.—Texarkana 1998, no pet.) (explaining that, when objections and rulings are made "off the record, nothing is preserved for review"). We conclude that Luciw's first point of error was not properly preserved for review.

Even if the issue had been properly preserved, we note that the trial court is granted wide latitude to choose appropriate procedures for deciding a habeas application: "In making its determination, the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection." Tex. Code Crim. Proc. Ann. art. 11.072, § 6(b) (West 2005). Texas courts have held that while this language "clearly indicates that in making its

6

determination the trial court *may* order . . . a hearing, it does not *require* that the trial court do so." *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.) (emphasis in original). Other courts have put the matter more bluntly, stating that the code of criminal procedure "clearly indicates that the decision by the trial court to conduct a hearing on a defendant's application is *entirely discretionary*." *Ex parte Faulkner*, No. 09-05-478-CR, 2006 Tex. App. LEXIS 9486, at *8 (Tex. App.—Beaumont Nov. 1, 2006, pet. ref'd) (mem. op., not designated for publication) (emphasis added).[4] Accordingly, Luciw's first point of error is overruled.

**Ineffective Assistance of Counsel**

In his second point of error, Luciw argues that White's actions denied him effective assistance of counsel as guaranteed by the Sixth Amendment. *See* U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-prong test set forth in *Strickland*, which requires a showing that (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome. *See* 466 U.S. at 687-88; *see also Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). The

---

[4] We recognize that the trial courts have broad discretion in this area and are granted deference when deciding matters of historical fact solely on the basis of affidavits (instead of live testimony). *See Manzi v. State*, 88 S.W.3d 240, 243-44 (Tex. Crim. App. 2002) (instructing appellate courts to apply "a deferential standard of review of the trial court's resolution of the historical facts from conflicting affidavits"). We note, however, that some have opined that the rationale for that deference is less apparent when the evaluation is of paper instead of people. *See, e.g., id.* at 250 (Cochran, J., concurring) ("I do not know how anyone, judge or jury, can assess credibility and decide which of two sworn, conflicting versions of one event is true, based solely upon a written affidavit.").

7

Supreme Court has held that the *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *see also Imoudu*, 284 S.W.3d at 869. A guilty plea is not voluntary if made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980); *Ex parte Karlson*, 282 S.W.3d 118, 129 (Tex. App.—Fort Worth 2009, pet. ref'd).

Under the first prong, the defendant must show that counsel's performance was deficient. However, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Under the second prong, a defendant challenging a guilty plea satisfies the prejudice requirement of *Strickland* by showing a reasonable probability that, absent counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Generally, this prejudice inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. *Id.* "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.* Where the alleged error is failure to discover exculpatory evidence, the "prejudice" analysis "will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Id.*

Luciw argues that White provided ineffective assistance by failing to advise him regarding the propriety of venue in Williamson County and the legality of the search of his vehicle, failing to discover and view the video recording of the traffic stop, and failing to raise the issues

of improper venue, illegal search, and compliance with the notice requirement of article 14.03(d) of the code of criminal procedure to the trial court. *See* Tex. Code Crim. Proc. Ann. art. 14.03(d) (West Supp. 2009). We address each contention in turn.

*Failure to Advise*

Luciw argues that White provided ineffective assistance by failing to advise him of the venue and search issues prior to his decision to plead guilty, thus rendering Luciw's plea involuntary. In evaluating the deficiency of counsel's performance under the first prong of *Strickland*, we note that the accounts of the advice Luciw received from White vary wildly. White states in his affidavit that he extensively discussed the case with Luciw, detailing the options available with regard to the venue issue. Luciw, on the other hand, states in his affidavit that he did not speak with White until sentencing, that his only communication was with another attorney on the day of the guilty plea, and that he was never apprised by either of the venue and search issues.

These competing versions of events lead to markedly different conclusions regarding the deficiency of White's performance. In evaluating these affidavits, the trial court found White's affidavit to be "credible" and largely adopted the facts as put forth in that affidavit. We must defer to the trial court's findings of historical fact even when such findings are based on affidavits rather than witness testimony. *See Manzi*, 88 S.W.3d at 244 (instructing appellate courts to apply "a deferential standard of review of the trial court's resolution of the historical facts from conflicting affidavits"). On the facts found by the trial court, White's performance was not deficient.

Even under Luciw's version of events, however, there is no showing that White's performance prejudiced the defense. In determining whether the defendant would have insisted

9

on going to trial but for the deficient advice of counsel, we "predict" the defendant's success at trial on the issues counsel failed to discuss with the defendant. *See Hill*, 474 U.S. at 59-60. Luciw's venue and search challenges would likely have failed at trial. Regarding venue, where there is not a special venue statute applicable to the charged offense, the proper venue for the prosecution is the county in which the offense was committed. Tex. Code Crim. Proc. Ann. art. 13.18 (West 2005); *see also Schemm v. State*, 228 S.W.3d 844, 846 (Tex. App.—Austin 2007, pet. ref'd). Under article 13.18, when conduct constituting a single offense is committed in more than one county, venue is proper in any of those counties. *Schemm*, 228 S.W.3d at 846. The uncontested facts in Claypool's affidavit indicate that he observed Luciw driving in Williamson County, followed him until the stop in Travis County, and found cocaine in Luciw's vehicle following the stop. These facts appear sufficient to show by a preponderance of the evidence that Luciw possessed the cocaine in Williamson County, making venue proper there. *See* Tex. Code Crim. Proc. Ann. art. 13.17 (West 2005) ("Venue need only be proved by a preponderance of the evidence."). Under this analysis, an objection on the basis of improper venue would not have succeeded at trial.

Further, the facts in this case do not present a likelihood of success in challenging the search. Claypool's affidavit indicates that the police received information that Luciw's vehicle had been reported stolen, providing probable cause to perform a traffic stop. *See Davis v. State*, 829 S.W.2d 218, 220 (Tex. Crim. App. 1992) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)) ("A stop is justified if the officer, based upon specific and articulable facts, reasonably surmises that the detained person may be associated with a crime."). Further, Claypool states that he smelled the odor of burnt marijuana after stopping the car, providing probable cause to search the vehicle. *See*

10

*Moulden v. State*, 576 S.W.2d 817, 819 (Tex. Crim. App. 1978) (authorizing officer who smells marijuana in vehicle after traffic stop to search vehicle for evidence). In his brief, Luciw does not challenge these facts or present alternate theories regarding the illegality of the search.[5] Accordingly, Luciw fails to show that an objection to the search would have succeeded at trial.

Luciw has not shown that he would have prevailed on the venue or search issues at trial, and therefore fails to demonstrate that he would not have pleaded guilty and would have "insisted on going to trial" had White advised him of these issues. *See Hill*, 474 U.S. at 59. Consequently, even assuming that White's performance was deficient, Luciw's argument does not satisfy the second prong of the *Strickland* standard.

*Video Recording*

Luciw also argues that White provided ineffective assistance by failing to discover or review the videotape of the crime scene. Under *Strickland*, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations

---

[5] At oral argument, Luciw's appellate counsel argued that the search would have been illegal under *Arizona v. Gant*. 556 U.S. __, 129 S. Ct. 1710 (2009). In *Gant*, the Supreme Court limited the exception of search incident to arrest to cases in which "the arrestee is within reaching distance of the passenger compartment or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 1723. Without addressing whether the *Gant* holding applies to the facts of Luciw's case, we note that *Gant* was not decided until April 2009, a significant period of time after the events and proceedings of this case occurred. Counsel cannot be expected to predict changes in the law: "Clairvoyance is not a required attribute of effective representation." *United States v. Fields*, 565 F.3d 290, 295 (5th Cir. 2009) (internal citations and quotation marks omitted); *see also Ex parte Chandler*, 182 S.W.3d 350, 359 (Tex. Crim. App. 2005) ("[L]egal advice which only later proves to be incorrect does not normally fall below the objective standard of reasonableness under *Strickland*."). Consequently, White's failure to consider *Gant*-based defenses does not constitute deficient performance.

11

unnecessary." *Aldrich v. State*, __ S.W.3d __, No. 02-05-303-CR, 2009 Tex. App. LEXIS 6777, at *44 (Tex. App.—Fort Worth Aug. 25, 2009, no pet.) (citing *Strickland*, 466 U.S. at 690-91). The reasonableness of counsel's investigative decisions is viewed through the lens of "counsel's perspective at the time." *Rompilla v. Beard*, 545 U.S. 374, 381 (2005). The Supreme Court has held that "the duty to investigate does not force defense lawyers to scour the globe on the off chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." *Id.* at 383.

No "scouring of the globe" was required in this case. The video recording of the traffic stop and subsequent arrest was readily available to White and could have produced exculpatory information or highlighted discrepancies in the State's case. Though White stated in his affidavit that he gleaned the facts of the case from reading the letter from the State's attorney and the probable cause affidavit attached to it, counsel's duty to investigate generally extends beyond such activities: "Ordinarily counsel should not blindly rely on the veracity either of his client's version of the facts or witness statements in the State's file." *McFarland v. State*, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996); *see also* Am. Bar Ass'n., ABA Standards for Criminal Justice: Prosecution Function and Defense Function 4-4.1(a) (3d ed. 1993) ("Defense counsel should conduct a prompt investigation of the circumstances of the case and *explore all avenues leading to facts relevant to the merits of the case* and the penalty in the event of conviction.") (emphasis added). Further, the recording included Luciw's statements to the arresting officer, and evaluating the defendant's own statements constitutes a key element of preparing a defense. *See Johnson v. State*, 172 S.W.3d 6, 19 (Tex. App.—Austin 2005, pet. ref'd) ("Seeking and obtaining inculpatory—or

12

exculpatory—statements in the defendant's own voice is an essential part of case investigation, preparation for trial, and trial strategy.").

However, we need not reach a conclusion regarding whether White's failure to review the videotape amounted to deficient performance under *Strickland*,[6] because no prejudice resulted from the decision. Under the second *Strickland* prong, Luciw must show that, had White properly evaluated the evidence, he would have been likely to "change his recommendation as to the plea." *Hill*, 474 U.S. at 59. Luciw argues that White would have been aware of the venue and search issues had he viewed the video, and would then have been able to properly advise his client regarding those issues. As analyzed above, however, there is no reasonable probability that the venue and search issues could have been successfully raised at trial. Given the scant probability of success on these issues, no sufficient likelihood exists that White would have advised his client not to plead guilty or encouraged him to seek a better plea bargain. Accordingly, Luciw's argument fails to satisfy the second prong of the *Strickland* standard with regard to White's failure to discover and view the video recording of the stop.

---

[6] At least one federal court has concluded that counsel's performance was deficient for failing to review a video recording of a traffic stop prior to trial. In *Garza v. Quarterman*, the petitioner applied for habeas corpus relief from a Texas state conviction, citing counsel's failure to view the video recording of the DWI traffic stop underlying the conviction. C.A. No. C-06-345, 2007 U.S. Dist. LEXIS 18049, at *10 (S.D. Tex. Mar. 13, 2007). In a memorandum and recommendation to the district court, the United States magistrate judge concluded that "failing to view the tape was objectively unreasonable" under the first prong of *Strickland*. *Id.* at *18. The court explained that, because the "tape provided an unbiased account of the arrest and showed the events before, during and after the traffic stop," defense counsel "clear[ly] . . . should have watched the entire tape prior to the trial." *Id.*

13

*Failure to Raise Issues to the Trial Court*

Luciw also argues that White provided ineffective assistance by failing to raise the issues of improper venue, illegal search, and compliance with the notice requirement of article 14.03(d) of the code of criminal procedure to the trial court. *See* Tex. Code Crim. Proc. Ann. art. 14.03(d). Our analysis of the venue and search issues above indicates that White's performance was not ineffective with regard to the venue and search issues.

Further, we find no merit in Luciw's argument regarding the arresting officer's lack of compliance with article 14.03(d) of the code of criminal procedure, which dictates that a police officer making an arrest outside his jurisdiction "shall, as soon as practicable after making the arrest, notify a law enforcement agency having jurisdiction where the arrest was made." *Id.* Luciw argues that failure to comply with this provision warranted a transfer of venue to Travis County. However, Texas courts evaluating article 14.03(d) have held that the notice requirement of the article is "administrative in nature" and does not confer substantive rights. *See Bachick v. State*, 30 S.W.3d 549, 553 (Tex. App.—Fort Worth 2000, pet. ref'd) (declining to suppress evidence on basis of lack of compliance with notice requirement of article 14.03(d)). White could have reasonably concluded that even a violation of this administrative provision would not mandate transfer of venue. Further, there is no reason to believe that Luciw would have insisted on going to trial had the case been transferred to Travis County. Accordingly, White did not provide ineffective assistance in failing to raise the lack of compliance with article 14.03(d).

As our analysis indicates that the trial court did not abuse its discretion in denying relief based on ineffective assistance of counsel, Luciw's second point of error is overruled.

14

**Improper Venue**

In his third point of error, Luciw argues that the trial court abused its discretion by failing to grant his habeas application due to the impropriety of venue in Williamson County. Under Texas law, "[i]t is well-established that habeas corpus will lie only to review jurisdictional defects or denials of fundamental or constitutional rights." *Ex parte Watson*, 601 S.W.2d 350, 352 (Tex. Crim. App. 1980); *see also Ex parte Pena*, 71 S.W.3d 336, 337 n.4 (Tex. Crim. App. 2002). Venue is distinct from jurisdiction; while jurisdiction "concerns the power of the court to hear and determine the case," venue refers to "the place where a case may be tried." *Watson*, 601 S.W.2d at 351. Though jurisdictional issues may be raised in an application for a writ of habeas corpus, a defendant "may not collaterally attack his conviction . . . on the basis that venue was improper." *Id.* at 352. Accordingly, Luciw's third point of error is overruled.[7]

## CONCLUSION

Finding no reversible error, we affirm the judgment of the trial court.

---

[7] Luciw makes one further argument with regard to venue, contending that the requisite procedures were not followed for waiver of venue under article 13.20 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 13.20 (West 2005). Article 13.20 applies to venue by consent, and does not apply when, as here, venue was proper. *See id.* Further, article 13.20 does not provide exclusive procedures for waiving venue. *See, e.g.*, *Cooks v. State*, 844 S.W.2d 697, 730 (Tex. Crim. App. 1992) (holding that right to change of venue may be waived as matter of law by participating in hearings on merits).

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   December 31, 2009

Do Not Publish